

**1545 Heights Blvd., Ste. 100**
Houston, Texas  77008
Tel 713.229.0008
Fax 713.650.1602
david@dntriallaw.com

November 11, 2019

*By Electronic Filing
and by E-mail*

Hon. Alfred H. Bennett
United States District Court
Southern District of Texas
515 Rusk Street, Room 8624
Houston, Texas 77002

Re:   Case No. 4:18-cr-00103; USA v. Carlos Guimaraes, et al.; in the United States District Court for the Southern District of Texas, Houston Division

Dear Judge Bennett:

I am writing to clarify the issue with US Probation's position highlighted by the Government's Response to Defendants' Request Concerning Supervised Release.  I am responsible for this confusion about US Probation's position, and it was my mistake.  Please allow me to explain.

I was retained by the Guimaraes to assist them with issues related to their supervised release.  Mr. Guimaraes had been informed by US Probation that he might be able to request early termination from the Court.

On September 4, 2019, I e-mailed US Probation Officer Danny Morgan to advise him that I had been retained to represent the Guimaraes in relation to requesting an early termination of their supervised release (see **Exhibit A**).  During the course of my representation in this case, I learned that pursuant to 18 USC § 3583(e)(1), the Guimaraes would not be eligible because their terms of supervised release do not exceed one year.

After several attempts to reach Mr. Morgan, my billing records indicate that I spoke with him on September 9, 2019.  According to my records, part of that conversation was whether he was aware of terminations of supervised release for terms that do not exceed one year.

At the end of September 2019, I drafted a proposed motion for return of the Guimaraes' passports to enable to them to request permission to travel.  In that draft motion, I wrote, presumptively, that, based on my conversation with Mr. Morgan, he would not be opposed.  I noted that I would follow up and confirm his position before filing.  That motion was never filed, and I never confirmed US Probation's position.

On October 10, 2019, I again spoke with US Probation, this time with Mike Lucas, about the ability of a person on supervised release to live overseas.  I was told that Mr. Lucas is

knowledgeable of supervised release issues. Mr. Lucas advised that US Probation does have the ability to allow a person to report remotely online.

I worked with Rusty Hardin's office to prepare the October 24, 2019 letter to Court requesting a conference. The unfiled motion to return passports became the basis of that letter, as the factual background was the same, and my statement of US Probation's non-opposition remained in that letter – though in hindsight, I cannot say that I ever confirmed with Mr. Morgan that US Probation was unopposed to the request to report remotely. Mr. Morgan was copied on Mr. Hardin's correspondence to the Court, and on October 25, 2019, I e-mailed a courtesy copy of the letter to Danny Morgan (see **Exhibit B**). I did not receive a response to this message.

At the time I advised Mr. Hardin's office that US Probation was unopposed to the request, I genuinely believed this to be the case. This was my mistake, and I apologize for the confusion that it has caused.

I will be present at the conference scheduled for November 15, 2019 at 11:00 to address any questions the Court may have.

Yours truly,

David A. Nachtigall

cc: Sherri Zack
   *By E-mail* – sherri.zack@usdoj.gov

   Kim Leo
   *By Email* – kim.leo@usdoj.gov
   U.S. Attorney's Office
   1000 Louisiana St., Suite 2300
   Houston, Texas  77002

   US Probation Officer, Danny Morgan
   *By E-mail* – danny_morgan@txsp.uscourts.gov
   U.S. Probation Office
   P. O. Box  61207
   Houston, Texas  77002